AO 5: (Rev. 5/85) Criminal Complaint

FILED IN CHAMBERS
U.S.D.C   Atlanta

# United States District Court

ORIGINAL

NORTHERN DISTRICT OF GEORGIA

SEP 29 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES OF AMERICA

v.

**CRIMINAL COMPLAINT**

RANCHHODBHAI LAKHA

140 DALRYMPLE ROAD, NE
SANDY SPRINGS, GEORGIA

CASE NUMBER: 1:10-MJ-1391

(Name and Address of Defendant)

---

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about September 28, 2010 within the special aircraft jurisdiction and the special maritime and territorial jurisdiction of the United States, defendant(s) did, Track Statutory Language of Offense)

knowing engaged in sexual contact with another person without that other person's permission by intentionally touch, directly and through the clothing, the genitalia, anus, groin, inner thigh and buttocks of a person with the intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desire of any person.

in violation of Title 18 United States Code, Section(s) 2244(b) and Title 49 United States Code, Section, 46506.

I further state that I am a(n) Special Agent of the Federal Bureau of Investigation and that this complaint is based on the following facts:

See Attachment A

Continued on the attached sheet and made a part hereof.           (X ) Yes           ( ) No

Signature of Complainant
Daron Cheney

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it. Sworn to before me, and subscribed in my presence

September 29, 2010                           at        Atlanta, Georgia
Date                                                                    City and State

Alan J. Baverman
United States Magistrate Judge
Name and Title of Judicial Officer                       Signature of Judicial Officer
AUSA Joseph Plummer

ATTACHMENT A

I, DARON CHENEY, being duly sworn, depose and state the
following:

1.  I am a Special Agent of the Federal Bureau of
Investigation (FBI) and have been so employed for approximately
19 years.  I am currently assigned to the Atlanta, Georgia office
at Atlanta Hartsfield Jackson International Airport and
investigate crimes aboard aircraft.

2.  This affidavit is submitted in support of a complaint
for RANCHHODBHAI LAKHA for the offense of **abusive sexual contact**
of a Delta Airlines passenger while on board a Delta Airlines
aircraft, Flight number 2010, en route from Dallas/Fort Worth,
Texas Airport to Atlanta Hartsfield Jackson International Airport
in the Northern District of Georgia, all in violation of 18
U.S.C. § 2244(b) which provides in pertinent part

> Whoever, in the special maritime and territorial
> jurisdiction of the United States . . . knowingly
> engages in sexual contact with another person without
> that other person's permission shall be fined under
> this title, [or] imprisoned not more than two years, or
> both.

3.  Title 18 United States Code, Section 2246(3) defines the
term "sexual contact" as

> the intentional touching, either directly or through
> the clothing, of the genitalia, anus, groin, breast,
> inner thigh, or buttocks of any person with an intent
> to abuse, humiliate, harass, degrade, or arouse or
> gratify the sexual desire of any person.

4.  On Tuesday, September 28, 2010, Delta Flight number 2010

-1-

which traveled from the Dallas/Fort Worth, Texas Airport to Atlanta Hartsfield Jackson International Airport, and pursuant to 49 U.S.C. § 46506 was within the "special aircraft jurisdiction of the United States" which makes it a crime for anyone who commits an act "if committed in the special maritime and territorial jurisdiction of the United States (as defined in section 7 of title 18) would violate section 113, 114, 661, 662, 1111, 1112, 1113, or 2111 or chapter 109A of Title 18 [of the United States Code]."  Title 18, United States Code Sections 2244 and 2246 are contained in Chapter 109A of Title of the United States Code.

   5.   Venue is proper because 18 U.S.C. § 3237(a) provides in pertinent part

> Any offense involving the use of . . . transportation
> in interstate or foreign commerce . . . is a continuing
> offense and, except as otherwise expressly provided by
> enactment of Congress, may be inquired of an prosecuted
> in any district from, through, or into which such
> commerce . . . moves.

   6.   Brittneed Protonenpis, who resides in Texas and is 20 years old, advised your affiant that on Tuesday, September 28, 2010 she was a passenger on Delta Flight #2010 which traveled from the Dallas/Fort Worth Airport to Atlanta Hartsfield Jackson International Airport.  Ms. Protonenpis stated that during the flight in question, she was seated in row 14 seat A; seat B in row 14 was empty.  According to Ms. Protonenpis, the passenger in

seat C on row 14, later identified as Ranchhodbhai LAKHA, started
asking her the following series of questions: where she was from;
where she was going; was she staying in Atlanta; who was she
meeting in Atlanta?  Once the aircraft took off LAKHA told
Protonenpis that she could put her legs in the middle seat, but
she replied "no" and a short while later she fell asleep.

7.  Ms. Protonenpis indicated that when she woke up she
found that her legs were in LAKHA's lap and LAKHA's left hand was
under her short pants and underwear and he was massaging her
thigh and buttocks area.  Ms. Protonenpis told your affiant that
she immediately pulled her legs away and removed LAKHA's hand
from her body and said "no."  LAKHA responded by telling Ms.
Protonenpis "is that okay you don't like that" and Ms.
Protonenpis again indicated that she did not consent to this
sexual contact by replying "no" to him (LAKHA).

8.  After the aforementioned unconsented to sexual contact,
Ms. Protonenpis then curled her legs up and placed her face
against her knees at which time.  Ms. Protonenpis stated that she
curled up in her seat with her knees up to her face because LAKHA
frightened her.  Despite Ms. Protonenpis repeatedly telling LAKHA
no, LAKHA reached down between her legs while her legs were bent
at her knees and her face was up against her knees, and LAKHA
inserted his hand under her shorts and panties and used his hand
to touch the opening or vulva region of her vagina and/or vaginal

-3-

lips with his hand.  This occurred while the aircraft was
preparing to land.

9.  While on the aircraft, and prior to landing, Ms.
Protonenpis attempted to seek help by pressing the flight
attendant's assistance light.  After waiting a short while, no
one responded, so Ms. Protonenpis' got out of her seat, at which
time a flight attendant asked her what she was doing.  Ms.
Protonenpis briefly told the flight attendant what happened to
her and the flight attendant took her (Protonenpis) to the front
of the aircraft and placed her (Protonenpis) in a different seat
away from LAKHA.

10.  When the aircraft landed, Atlanta Police Department
Officer Marcus responded to investigate the matter and
subsequently notified your affiant.

11.  Atlanta Air Marshal Charles West escorted LAKHA to
baggage claim, and while on the way LAKHA told the Air Marshal
that she should not have put her legs in the center seat. LAKHA
is 61 years old (date of birth 11/28/1948) and he resides at
address 140 Dalrymple Road NE Sandy Springs, Georgia 30328.

12.  Based on the foregoing facts, your affiant submits that
probable cause exists to believe that Rnchhodbhai LAKHA, while in
the special aircraft jurisdiction of the United States, did
engage in sexual contact with another person without that other
person's permission by intentionally touching, directly and

through the clothing, the genitalia, anus, groin, inner thigh and
buttocks of a person with the intent to abuse, humiliate, harass,
degrade and arouse and gratify the sexual desire of any person,
in violation of 18 U.S.C. § 2244(b)and 49 U.S.C. § 46506.