FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 29 2011

JAMES N. HATTEN, Clerk
By: /s/
Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA GEORGIA DIVISION

CRIMINAL NO. 1:10-CR-451-AJB-WBH

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant RANCHHODBHAI LAKHA, enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. RANCHHODBHAI LAKHA, Defendant, having received a copy of the above-numbered INDICTMENT and having been arraigned, hereby pleads GUILTY to Count ONE thereof.

## I. ADMISSION OF GUILT

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count ONE of the INDICTMENT.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did

not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III. ACKNOWLEDGMENT OF PENALTIES

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

<u>As to Count ONE</u>

(a)   Maximum term of imprisonment: TWO years.

(b)   Mandatory minimum term of imprisonment: None.

(c) Term of supervised release: ONE year.

(d) Maximum fine: $250,000, due and payable immediately.

(e) Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

(f) Mandatory special assessment: $100.00, due and payable immediately.

(g) Registration as a sex offender.

The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in this paragraph and that no one can predict his exact sentence at this time.

## IV. PLEA AGREEMENT

The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### Sex Offender Registration

The Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). He shall initially register with the state sex offender registration agency in Georgia, and shall also register with the state sex offender registration agency in any state where he resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment. The Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

### Factual Basis

The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

1. On September 28, 2010, Ranchhodbhai LAKHA committed the offense of abusive sexual contact while onboard a Delta Airlines Flight #2010 that traveled from Dallas, Texas to the Atlanta Hartsfield Jackson International Airport within the Northern District of Georgia. The victim, BP, who is 20 years old, advised the FBI that during the flight in question, she was seated in row 14

seat A; seat B in row 14 was empty. According to BP, the passenger in seat C on row 14, Ranchhodbhai LAKHA, started asking her a series of questions, including but not limited to: where she was from; where she was going; whether she was staying in Atlanta; and who she was meeting in Atlanta. A short while later BP fell asleep.

2. BP indicated that upon waking up, she found Defendant's hand under her short pants and underwear and Defendant was touching BP's buttocks and inner thigh, without BP's permission.

3. While on the aircraft, and prior to landing, BP attempted to seek help by pressing the flight attendant's assistance light. After waiting a short while, with no response, BP got out of her seat, and walked toward the front of the aircraft, at which time, a flight attendant asked BP what she was doing out of her seat. BP briefly told the flight attendant what the Defendant did to BP and the flight attendant took her (BP) to the front of the aircraft and placed her (BP) in a different seat away from Defendant. Witnesses indicated that the victim was visibly upset.

## Sentencing Guidelines Recommendations

### Acceptance of Responsibility

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize Defendant's involvement in relevant offense conduct, give conflicting statements about Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct,

including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Base/Adjusted Offense Level Recommendations**

Based upon the evidence currently known to the Government, the Government will recommend the following applications of the Sentencing Guidelines:

(a) The applicable offense guideline is Section 2A3.4.

(b) The base offense level is 12 pursuant to Section 2A3.4(a)(3).

(c) A 2-level reduction for acceptance applies pursuant to Section 3E1.1(a).

(d) The resulting adjusted total offense level is 10.

(e) Defendant has a Criminal History Category Score of I based on an NCIC report that reflects no criminal conviction.

(f) The custody guidelines range is 6 to 12 months.

(g) The applicable custody guidelines range is in Zone B of the Sentencing Table.

**Right to Answer Questions, Correct Misstatements, and Make Recommendations**

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

### Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Sentencing Recommendations

**Specific Sentence Recommendation**

The Government agrees to recommend that the Defendant be sentenced within the low end of the aforementioned applicable guideline range of 6 to 12 months, and the Government further agrees that pursuant to U.S.S.G. § 5C1.1(c), it does not oppose the imposition of a split guidelines sentence in which Defendant is incarcerated during one-half of a sentence within the applicable guideline range of 6 to 12 months, and he serves the remaining one-half of the sentence either in community confinement or home confinement.

**Fine--No Recommendation**

The Government agrees to make no specific recommendation as to the fine to be imposed on the Defendant within the applicable guideline range.

### Guidelines Sentence Is Reasonable

The government agrees not to request any sentence outside of the Guidelines range nor any

Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The government further agrees that a sentence within the advisory Sentencing Guidelines range is reasonable under the factors set forth in 18 U.S.C. § 3553(a).

**Defendant Reserves Right to Seek a Variance**

Defendant, pursuant to *Booker*, reserves the right to seek a downward variance below the applicable custody guidelines range determined by the Court, and Defendant understands that the Government will oppose his request for a downward variance.

## Financial Cooperation Provisions

**Special Assessment**

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

**Fine/Restitution - Terms of Payment**

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation

and that, should Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

### Recommendations/Stipulations Non-binding

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL:   To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct

appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

### Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### No Other Agreements

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this ___ day of June, 2011.

_____
SIGNATURE (Attorney for Defendant)
BRUCE H. MORRIS

_____
SIGNATURE (Defendant)
RANCHHODBHAI LAKHA

_____
SIGNATURE (Assistant U.S. Attorney)
JOSEPH PLUMMER

_____
SIGNATURE (Approving Official)
YONETTE S. BUCHANAN
6/29/11
DATE

_____
SIGNATURE (Defendant)
MANUBIR S. ARORA

_____
SIGNATURE (Assistant U.S. Attorney)
KATHERINE M. HOFFER

I have read the INDICTMENT against me and have discussed it with my attorneys. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorneys. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorneys the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorneys and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorneys in this case.

_____   _6-29-11_____
SIGNATURE (Defendant)              DATE

I am RANCHHODBHAI LAKHA's counsel. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____   _6-29-11_____
SIGNATURE (Defense Attorney)       DATE

_____   _6-29-11_____
SIGNATURE (Defense Attorney)       DATE

INFORMATION BELOW MUST BE TYPED OR PRINTED

BRUCE H. MORRIS
NAME (Attorney for Defendant)

2540 TOWER PLACE
3340 PEACHTREE ROAD, NE
STREET

ATLANTA, GEORGIA 30326
CITY & STATE   ZIP CODE

PHONE NUMBER 404-262-2500

STATE BAR OF GEORGIA NUMBER 523575

RANCHHODBHAI LAKHA
NAME (Defendant)

N/A
STREET

N/A
CITY & STATE   ZIP CODE

PHONE NUMBER N/A

MANUBIR S. ARORA
NAME (Attorney for Defendant)

75 WEST WIEUCA ROAD, NE
STREET

ATLANTA, GEORGIA 30342
CITY & STATE   ZIP CODE

PHONE NUMBER 404-214-0116

STATE BAR OF GEORGIA NUMBER 061641

Filed in Open Court

_____

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:10-CR-451-AJB-WBH |
| DEFENDANT'S NAME: | RANCHHODBHAI LAKHA |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

   CLERK OF COURT, U.S. DISTRICT COURT

   ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Spring Street, S.W.
   Atlanta, Georgia  30303

   (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA